UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RUDY GREEN, INC.                                                                                              Plaintiff

v.                                                                                      Civil Action No. 3:24-cv-322-RGJ

PETSMART, LLC                                                                                             Defendants
PetSmart Home Office, LLC

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendants PetSmart, LLC and PetSmart Home Office, LLC ("PetSmart") move to dismiss Count II of Plaintiff Rudy Green, Inc's. ("Rudy Green") complaint pursuant to Fed. R. Civ. P. 12(b)(6). [DE 12, Motion]. Rudy Green responded, [DE 13], and PetSmart replied. [DE 18]. This matter is ripe for adjudication. For the reasons below, PetSmart's Motion to Dismiss [DE 12] is **DENIED.**

### I.        BACKGROUND

Rudy Green produces and sells frozen human grade dog food in retail stores around the country. [DE 1, ¶ 13]. In 2008, Rudy Green sent samples of their products to PetSmart. *Id*., ¶ 16-20. The two corporations have twice discussed selling Rudy Green's products in PetSmart stores, once in 2008 and once in 2021, even signing an NDA. *Id*., ¶ 31. But the two never came to terms for PetSmart to sell Rudy Green products. *Id.*

Rudy Green previously filed three trademarks for use with pet foods and treats. The first mark "Rudy Green's Doggy Cuisine®" was registered on March 18, 2008, (U.S. Trademark Reg. No. 3399283), the second "Rudy Green's®," was registered on June 3, 2014 (U.S. Trademark Reg. No. 4542827) and the final mark "Chef Rudy®" was registered on July 29, 2014. [DE 1-3, at 21, 23, 26]. The first mark was used at least as early as May 1, 2007. [DE 1 at 6 ¶ 23]. On July 28,

1

2023, PetSmart filed for use of the mark "RUDY'S" in connection with rawhide dog chews (U.S. Trademark Reg. App. Ser. No. 98106569 ("the '569 Application")) with the United States Patent and Trademark Office ("USPTO"). *Id*. at 9 ¶ 36. On March 6, 2024, the USPTO issued a Nonfinal Office Action that refused the '569 Application in view of registrations owned by Rudy Green. [DE 12 at 122]. PetSmart had until September 6, 2024, to either file a substantive response or abandon the application by not responding. *Id*.

Rudy Green sued PetSmart on May 30, 2024. [DE 1 at 1]. Rudy Green's complaint against PetSmart contained five counts: (I) federal trademark infringement under 15 U.S.C. § 1501, et seq. ("Lanham Act"); (II) refusal of application for registration under 15 U.S.C. § 1052(d); (III) trademark infringement under Kentucky common law; (IV) federal unfair competition and false designation of origin under the Lanham Act; and (V) unfair competition under Kentucky common law. [DE 1 at 1]. PetSmart moves to dismiss Count II of Rudy Green's complaint for lack of subject matter jurisdiction.

## II.     STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed. R. Civ. P. 12(b)(1). Generally, Fed. R. Civ. P. 12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the defendant asserts that the allegations in a Complaint are insufficient on their face to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction and the Court is free to weigh the evidence. *Id*. Plaintiff has the burden of proving subject matter jurisdiction to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Madison-Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir.

1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

## III.   DISCUSSION

PetSmart alleges that this Court lacks subject matter jurisdiction to hear Count II of the complaint, as the ability to adjudicate pending trademark applications belongs exclusively to the USPTO. [DE 12 at 157]. This raises a facial attack against the complaint. *Ritchie*, 15 F.3d at 598. Rudy Green counters that the Lanham Act and relevant caselaw create an exception that allows district courts to cancel pending trademark registration applications. [DE 13 at 132]. A significant portion of the filings of both PetSmart and Rudy Green focus on the *BBK Tobacco & Foods LLP v. Central Coast Agric., Inc.,* case, a recent decision from the Ninth circuit that held district courts had the ability to review and rule on pending trademark applications. 97 F.4th 668 (9th Cir. 2024). Decisions of the Ninth Circuit are not binding on this court, and although the decision in *BBK Tobacco* is persuasive authority, this court will review the statute and existing caselaw from the district courts of the Sixth Circuit in making its determination.

### A. Statutory Language

Both parties argue that the clear statutory interpretation of the Lanham Act favors their claim. [DE 12 at 124; DE 13 at 133]. The two relevant sections of the Lanham Act for purposes of this dispute are Section 37 titled "Power of court over registration," (15 U.S.C. § 1119), and Section 39 "Jurisdiction of Federal courts." Section 37 states that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. Section 39 of the Lanham Act, 15 U.S.C. § 1121, vests federal courts with subject-matter jurisdiction over causes

of action arising under the act, stating that federal district courts "shall have original jurisdiction . . . of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties." *Id*. The Lanham Act does not specifically reference the ability for district courts to cancel applications. However, the broad granting authority of Section 39, and Section 37 which gives courts power to determine the "right to registration," create ambiguity regarding the authority of district courts over registration applications. As such, the Court reviews existing caselaw to determine district court power over registration applications.

### B. Continental Connector Corp Exception

Rudy Green argues that PetSmart's Motion to Dismiss is baseless, as *Continental Connector* established an exception that allows district courts to cancel patent applications when there is a sufficient nexus to litigation involving a registered mark. Rudy Green claims that under this exception the Western District of Kentucky has the necessary subject matter jurisdiction to review and cancel PetSmart's pending patent application. The *Continental Connector* holding has been recognized as an exception to the general rule that "a court lacks subject matter jurisdiction to cancel a pending trademark application that has yet to mature into a registration." *Theia Techs. LLC v. Theia Grp., Inc,* No. CV 20-97, 2021 WL 291313, at *36 (E.D. Pa. Jan. 28, 2021). Under the exception some decisions "permit a federal court to determine the registrability of an as-yet-unregistered mark in a lawsuit in which a different registered mark is involved . . . when there is a close nexus between the issues in the pending application proceeding and those in the federal court dispute involving the registered mark"). 4 McCarthy on trademarks and unfair competition § 30:113.50 (5th ed.). *See also Somera Cap. Mgmt., LLC v. Somera Rd., Inc.,* 2020 WL 2506352,

4

at *5–7 (S.D.N.Y. May 15, 2020) (collecting cases). *Nutramax Lab'ys. Inc. v. Cap. Pharm., LLC*, No. 2:21-CV-3949, 2022 WL 798348, at *3 (S.D. Ohio Mar. 16, 2022).

PetSmart responds by arguing that *Continental Connector Corp* is not binding authority on this Court, and that the exception it presents has not been adopted within the Sixth Circuit and should be ignored. The Plaintiff in *Nutramax*, a case from the Southern District of Ohio, made a similar argument, claiming that the law did not support the exception for trademarks applications set forth in *Continental Connector Corp*. *Nutramax Lab'ys*, 2022 WL 798348, at *3. In *Nutramax*, the Southern District of Ohio rejected this argument: "[t]he Court is not persuaded . . . that every case holding otherwise—from *Continental Connector Corp*. to date—relies 'on an incorrect interpretation of the' law." *Id*. Neither is this court. The *Continental Connector* holding has been followed by numerous courts outside of *Nutramax*, including several in the Sixth Circuit.

*Universal Tube & Rollform Equip. Corp. v. YouTube, Inc*. also acknowledges the ability of district courts to determine registrability when "tied directly to a challenge to an existing competing registration or a claim of infringement based on an existing registration." 504 F. Supp. 2d 260 (N.D. Ohio 2007) (quoting *Johnny Blastoff Inc. v. Los Angeles Rams Football Co.,* No. 97-C-155-C, 1998 WL 766703 (W.D. Wis. June 24, 1998), aff'd, 188 F.3d 427 (7th Cir. 1999)). PetSmart argues that the ruling in *Universal Tube* cuts against *Continental Connector* since the court refused to cancel the application in that case, however they misunderstand the reasoning. [DE 18 at 161]. *Universal Tube* explicitly remarks that the logic of courts following the *Continental Connector* holding is persuasive, and only rejects the plaintiff's attempted cancellation because they "failed to tie [their] claim to any existing registration." *Id*. at 266–67. *Universal Tube* did not reject the *Continental Connector* exception, it merely found that it did not apply, as there can be no nexus to an existing trademark when only applications exist. *Id.*

*Buzz Seating, Inc. v. Encore Seating, Inc*., likewise fails to provide PetSmart sufficient support for their opposition to *Continental Connector*. No. 1:16-CV-1131, 2017 WL 2619340, at *8 (S.D. Ohio June 16, 2017). *Buzz Seating* also deals with a situation where neither party has a relevant registered trademark. The court acknowledges this, citing to 15 U.S.C. § 1119 section 1-4 of Gilson on trademarks § 4.10 (2017) which states that the exception "should not apply in cases in which *none* of the parties owns a federal trademark." *Buzz Seating, Inc.,* 2017 WL 2619340, at 8. *Buzz seating* acknowledges the existence of the exception, but declined to use the exception as neither party possessed a registered mark or argued the issue. *Id*. The reasoning of *Continental Connector* is persuasive, and there is sufficient support from other courts of the Sixth Circuit for this Court to follow the *Continental Connector* exception.

### C. Application of the Continental Connector Corp Exception

PetSmart further argues that even if this court were to accept the holding of *Continental Connector*, Count II should be dismissed as their mark "RUDY'S" is not sufficiently similar to any of Rudy Greens marks ("Rudy Green's Doggy Cuisine®," "Rudy Green's®," and "Chef Rudy®") to qualify under the exception. [DE 12 at 126]. PetSmart claims that in all cases accepted under this standard the marks are "nearly identical." *Id*. at 127. However, this is a misstatement of the rule which allows cancellation of an application "as long as the applicant was a party to the lawsuit and the application was for a mark sufficiently related to a registered mark[.]" *Somera Cap.*, 19 Civ. 8291; *Nutramax Lab'ys,* 2022 WL 798348, at 2. PetSmart does not cite to a holding that states marks must be nearly identical to fall under the exception, and other cases, including examples PetSmart cites to, do not support this contention. *See Nutramax Lab'ys,* 2022 WL 798348, at 3 (DOSOQUIN and DASUQUIN); *Bd. of Regents of Univ. of Texas Sys. v. Reynolds*,

No. 1:18-CV-182-RP-ML, 2019 WL 4980445 (W.D. Tex. July 31, 2019) (WE ARE TEXAS and WE ARE TEXAS!), *BBK Tobacco & Foods LLP*, 97 F.4th 668 (RAW and RAW GARDEN).

This court may hear Count II and review the application for PetSmart's "RUDY'S" mark "as long as the applicant was a party to the lawsuit and the application was for a mark sufficiently related to a registered mark[.]" [.]" *Somera Cap.*, 2022 WL 798348 at 2. First, the applicant, PetSmart, is a party to a lawsuit involving another registered mark, Rudy Green's three registered marks. Both marks deal with sufficiently similar product lines, "pet food & treats" and "[r]awhide chews for treats."[1] [DE 12 at 127]. Additionally, the marks themselves are sufficiently similar. They are both made up of the same base mark, "RUDY," but with a modifying word to get "Chef Rudy's®" and "Rudy Green's®." This is similar to other cases under the *Continental Connector* exception such as *Reynolds* and *BBK Tobacco*. *Reynolds*, 2019 WL 4980445 at 2 (WE ARE TEXAS and WE ARE TEXAS!) (N.D. Ill. Dec. 7, 1988), *BBK Tobacco & Foods LLP*, 97 F.4th 668 (RAW and RAW GARDEN). Additionally, the USPTO itself has acknowledged that these marks are sufficiently similarity, initially refusing registration of PetSmart's "RUDY'S" mark as too similar and likely to cause confusion with Rudy Green's various marks. [DE 1-5, Official Letter Regarding Trademark Application, at 37]. Under the sufficiently similar standard, PetSmart's "RUDY'S" mark is similar enough to Rudy Green's registered marks for this Court to hear Count II.

Since a narrow and recognized exception exists on which to decide this case, this Court need not take a stance on the recent holding of BBK Tobacco or the arguments it raised to decide

---

[1] PetSmart argues that these are not similar categories, but their argument is unpersuasive. The difficulty of rawhide to digest does not change the purpose of the rawhide treats associated with their "RUDY'S" mark, which is undeniably to be consumed by dogs. The listed purpose of "rawhide chews for treats" is telling.

7

whether district courts have a broader right to review patent applications. This court has subject matter jurisdiction, and PetSmart's Motion to Dismiss Count II is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, and being otherwise sufficiently advised, **IT IS ORDERED** that the Motion to Dismiss filed by PetSmart [DE 12] is **DENIED**. The Court will separately refer the case for a Rule 16 conference.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

October 3, 2024